The People of Puerto Rico, Plaintiff and Appellee, *v.*
José Antonio Perazza, Defendant and Appellant.

Nos. 7156, 7157, 7158, 7159, 7160 and 7161. Argued July 14, 1938.—
Decided July 20, 1938.

The defendant appeared by brief. *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

Mr. Justice De Jesús delivered the opinion of the court.

The District Attorney of Ponce filed six informations against José Antonio Perazza for offenses of forgery. The defendant pleaded guilty in each of these cases, and the court sentenced him to one year in the penitentiary at hard labor in each of the cases. The defendant took an appeal from the judgments so entered.

Since the same questions are involved in each case, we shall consider the six appeals jointly in a single opinion.

In each of these six cases the defendant assigns to the lower court three errors, to-wit:

"1. That the information filed by the Hon. Assistant District Attorney of Ponce against this defendant does not set forth and is not proper for cases of violation of section 413 of the Penal Code, but does set forth a case of false representation.

"2. That by the text of the complaint no connection whatever is established between the forgery and the intent to defraud, since the

possession of some checks appearing to be signed by Juan Lugo Ramírez and in possession of the defendant, does not prove intention or the wilful intent to commit the crime alleged by the district attorney, since the said signature was not proved to have been that of the defendant.

"3. That the checks in possession of the district attorney show that they were not collected by this defendant or by any other person. This defendant pleaded guilty believing that possession established the crime."

The information prepared by the district attorney in case No. 7156 is the same as those in the other five cases, except as to the name of the person whose signature it is alleged was forged, which in cases Nos. 7156, 7157, 7158, and 7161 was Juan Lugo Ramírez, and in the others, Juan Pagán; as to the date of the offense, which in cases Nos. 7156 and 7157 is alleged to have been November 2, 1937, and in the other cases, November 1 of that year, and as to the amount of the checks, which varied from $25 to $50.

█ The information in case No. 7156 reads as follows:

"The district attorney files this information against José Antonio Perazza for an offense of forgery, violation of sec. 413 Penal Code (felony), committed in the following manner:

"The aforesaid defendant, José Antonio Perazza, prior to the filing of this information, that is, on or about the 2nd day of November, 1937, and in Ponce, P. R., which forms part of the judicial district of Ponce, P. R., then and there, unlawfully, wilfully, feloniously, and maliciously, and with the intent to defraud Juan Lugo Ramírez, falsely, did forge the signature of the latter on a check, for the sum of $50.00, drawn on the Banco Caja de Economías y Préstamos, of San Germán, which is a corporation constituted under the laws of Puerto Rico.

"This is contrary to the law for such case made and provided and against the peace and dignity of 'The People of Puerto Rico.' (Sgd.) Guillermo S. Pierluisi, District Attorney. The foregoing information is based on the testimony of witnesses examined before me under oath, and I solemnly believe that there is just cause to present the same to the court. (Sgd.) Guillermo S. Pierluisi, District Attorney. Sworn to and subscribed before me this 17th day of

562

November, 1937. (Sgd.) E. Gotay Purcell, Clerk of the District Court of Ponce."

The above transcribed information contains all the elements constituting the offense of forgery, section 413 of the Penal Code, to-wit: (a) Forgery of the signature of Lugo or of Pagán, as the case may be, and (b) with intent to defraud them.

In the offense of false representation to obtain money or property (section 470 of the Penal Code) and in the offense of forgery (section 413 of the Penal Code) there is an element common to both, which is the intent to defraud. Nevertheless, when in order to carry out the fraud, one falsely alters, forges, makes or issues any title, document, obligation, check, etc., the crime committed is that of forgery, the crime of false representation being confined to those other cases in which in order to carry out the fraud recourse is had to means other than forgery, alteration, or issuance of documents. In this case, in which a check bearing the forged signature of Juan Lugo Ramírez was issued, the offense charged is that of forgery and not that of false representation or false personation. The first error assigned by defendant is, therefore, nonexistent.

The defendant pleaded guilty and that plea constituted the best proof of the facts with which he was charged in the information. *Confessio facta in judicio omni probatione major est.* The second assignment is likewise nonexistent.

The fact that the forged checks were not collected or cashed does not relieve the defendant from criminal responsibility. The essence of the crime is the forgery with intent to defraud. It is unnecessary that the fraud be actually perpetrated.

None of the errors assigned by the defendant have been committed. The information in each case is sufficient and the sentence is the minimum authorized by the statute. The

judgment of the District Court of Ponce sentencing the defendant to one year in the penitentiary at hard labor in each of the cases above mentioned, must therefore be affirmed.